IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ALAN DESSO TAYLOR, II, #B89726, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00397-JPG |
| | ) |
| JOHN KONEMAN, | ) |
| MASSAC COUNTY, | ) |
| TED HOLDER, | ) |
| CHAD KAYLOR, | ) |
| and JOHN DOES 1-4, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint (Doc. 20) filed by Plaintiff Alan Taylor, Jr., who is now represented by counsel in this matter. Plaintiff claims that he was denied mental health treatment and subjected to unconstitutional conditions of confinement at Massac County Detention Center. (*Id*. at pp. 2-5). He brings claims against Massac County and its officials under the Eighth Amendment and Illinois state law. (*Id*.). Plaintiff seeks money damages and mental health treatment.[1] (*Id*. at pp. 5-6).

The First Amended Complaint is now before the Court for review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Absent any request for interim relief under Federal Rule of Civil Procedure 65, the Court construes the request for mental health treatment as one for injunctive relief *at the close of the case*.

1

**First Amended Complaint**

Plaintiff sets forth the following allegations in the First Amended Complaint: After he was taken into custody at Massac County Detention Center on February 28, 2019, Plaintiff notified Defendants that he suffered from a serious mental health condition.[2] (Doc. 20, pp. 3-5). Even so, Defendants failed to provide him with adequate mental health evaluations, treatment, or medications. (*Id.*). When Plaintiff later flooded his cell, Defendants placed him in a "turtle suit" and restrained him in a filthy chair and room for an undisclosed period of time. (*Id.* at pp. 4-5). Plaintiff claims that Defendants intended to cause him serious emotional distress. (*Id.*).

Based on the allegations, the Court finds it convenient to designate the following five counts in the First Amended Complaint:

> **Count 1:** Denial of medical care claim against Defendants for failing to adequately evaluate and treat Plaintiff's serious mental health condition.
>
> **Count 2:** Unconstitutional conditions of confinement claim against Defendants for placing Plaintiff in a filthy chair and/or room.
>
> **Count 3:** Excessive force claim against Defendants for using a turtle suit to restrain Plaintiff after he flooded his cell.
>
> **Count 4:** Retaliation claim against Defendants for improperly restraining Plaintiff and placing him in unsanitary conditions because he flooded his cell.
>
> **Count 5:** Intentional infliction of emotional distress claim against Defendants under Illinois state law.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the First Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2] Plaintiff does not disclose his diagnosis, symptoms, or treatment with psychotropic medications in the First Amended Complaint.

**Discussion**

In order to state a claim under Section 1983, a plaintiff must set forth allegations suggesting that each defendant was personally involved in a deprivation of his constitutional rights. *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2016) (citing *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)). He must draw a causal connection between each defendant and the alleged misconduct. *Id.* (citing *Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). It is not enough to make blanket allegations of misconduct against all defendants or list the elements of each cause of action without providing factual context for his claims. *Twombly*, 550 U.S. at 570. The allegations must instead describe a claim that is "plausible on its face." *Id.* The First Amended Complaint does not survive preliminary review under these standards or Section 1915A.

**Counts 1, 2, and 3**

Plaintiff brings his first three claims under the Eighth Amendment, which prohibits the cruel and unusual punishment of convicted persons.[3] U.S. CONST., amend. VIII. All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). Plaintiff must set forth allegations suggesting that he suffered a sufficiently serious deprivation (an objective element) and that defendants responded with deliberate indifference (a subjective element). *Id.* The allegations do not satisfy either component of these claims. With respect to Count 1, Plaintiff has not established that he suffered from an objectively serious mental health condition because he identified no condition, symptoms, or treatment at all. (Doc. 20, pp. 3-6). In connection with Count 2, Plaintiff offers no examples of the conditions he endured, the amount of time he endured them, or the impact they had on him. With regard to

---

[3] It is unclear whether the Eighth Amendment actually governs these claims. If Plaintiff was a convicted person at the time his claims arose, the Eighth Amendment provides the applicable legal framework. But if he was a pretrial detainee, the Fourteenth Amendment's Due Process Clause governs these claims and provides Plaintiff with broader protections. *See Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013).

Count 3, Plaintiff offers no information about the "turtle suit" restraint, the length of time he remained in the suit, or the threat he posed to himself or others when the defendants made the decision to restrain him. Given this lack of information, the Court cannot find that the objective component is satisfied for Counts 1, 2, or 3. Further, Plaintiff's bald characterization of defendants' deliberate indifference is insufficient to state a claim against them. Counts 1, 2, and 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 4**

A retaliation claim generally arises under the First Amendment where an inmate's grievances about the conditions of his confinement prompt prison officials to take adverse action against him. *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). The protected First Amendment activity must be a motivating factor in the decision to retaliate. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Here, Plaintiff describes no protected First Amendment activity. What prompted the defendants to place him in a "turtle suit" was his decision to flood his cell. Plaintiff's conduct does not amount to protected First Amendment activity. Count 4 shall be dismissed without prejudice for failure to state a claim.

**Count 5**

This Court has supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress because it involves the same facts as the federal claims. 28 U.S.C. § 1367(a). Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017). Plaintiff

impermissibly relies on threadbare recitations of the elements of this cause of action. *Ashcroft v. Iqbal*, 556 U.S.C. 662, 678 (2009); FED. R. CIV. P. 8.  He describes the defendants' conduct as "extreme and outrageous" but does not explain what he means by this.  Further, he fails to describe his resulting emotional distress.  *McGreal*, 850 F.3d at 314-15 (citations omitted) ("The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.").  Count 5 shall therefore be dismissed.

## Disposition

**IT IS ORDERED** that the **First Amended Complaint** (Doc. 20) (including **Counts 1, 2, 3, 4,** and **5**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff, by and through his attorney, Adam Olszeski, is **GRANTED** leave to file a Second Amended Complaint on or before **November 22, 2019**.  The Second Amended Complaint is subject to review under 28 U.S.C. § 1915A.

Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 25, 2019**

                                                     s/J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **United States District Judge**